**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000508
05-OCT-2017
10:56 AM**

NO. CAAP-17-0000508

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
also known as KAMEHAMEHA SCHOOLS,
Plaintiff/Counterclaim Defendant-Appellee,
vs.
RONALD G.S. AU,
Defendant/Counterclaim Plaintiff-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0420)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING AS MOOT ALL PENDING MOTIONS
(Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant/Counterclaim-Plaintiff/ Appellant Ronald G.S. Au's (Appellant Au) appeal in appellate court case number CAAP-17-0000508 from three orders that the Honorable Rhonda A. Nishimura (Judge Nishimura) entered in Civil No. 13-1-0420-02:

> (1)  a June 21, 2017 post-judgment order denying Appellant Au's June 2, 2017 motion to disqualify Judge Nishimura;

(2)   a July 1, 2016 post-judgment order denying
      Appellant Au's June 22, 2016 request for
      permission from the circuit court to file a motion
      to disqualify Judge Nishimura; and

(3)   a May 18, 2016 post-judgment order denying
      Appellant Au's April 3, 2016 request for
      permission from the circuit court to file a motion
      to vacate the June 12, 2015 judgment.

We initially note that Rule 4(a)(1) of the Hawai'i Rules of
Appellate Procedure (HRAP) requires that "[w]hen a civil appeal
is permitted by law, the notice of appeal shall be filed within
30 days after entry of the judgment or appealable order."
Therefore, Appellant Au's June 23, 2017 notice of appeal in
appellate court case number CAAP-17-0000508 is timely only as to
the June 21, 2017 post-judgment order denying Appellant Au's
June 2, 2017 motion to disqualify Judge Nishimura, and the
failure to file a timely notice of appeal as to the other two
post-judgment order in this civil matter is a jurisdictional
defect that the parties cannot waive and the appellate courts
cannot disregard in the exercise of judicial discretion. Bacon
v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP
Rule 26(b) ("[N]o court or judge or justice is authorized to
change the jurisdictional requirements contained in Rule 4 of
these rules."); HRAP Rule 26(e) ("The reviewing court for good
cause shown may relieve a party from a default occasioned by any
failure to comply with these rules, except the failure to give
timely notice of appeal."). Consequently, the pivotal issue
regarding appellate jurisdiction is whether the June 21, 2017
post-judgment order denying Appellant Au's June 2, 2017 motion to
disqualify Judge Nishimura is an appealable final order under
Hawaii Revised Statutes (HRS) § 641-1(a) (2016).

The circuit court entered a final judgment on June 12,
2015. The circuit court's subsequent June 21, 2017 post-judgment
order denying Appellant Au's June 2, 2017 motion to disqualify
Judge Nishimura is a post-judgment order. Once a circuit court

2

has entered a judgment (as Rule 54(a)[1] of the Hawaii Rules of Civil Procedure (HRCP) defines the word "judgment"), any subsequent "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "A [post-judgment] order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Ditto, 103 Hawai'i at 157, 80 P.3d at 978.

Since the circuit court's entry of the June 12, 2015 judgment in the instant case, Plaintiff/Counterclaim-Defendant/ Appellee Trustees of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools (Appellee Bishop Estate), has initiated multiple post-judgment proceedings for the purpose of executing the June 12, 2015 judgment against Appellant Au's assets that potential third-party garnishees might be holding, but none of those post-judgment garnishment proceedings has resulted in an appealable final post-judgment order, apparently as a result of the circuit court's February 16, 2017 post-judgment order staying the June 12, 2015 judgment pending appeal pursuant to HRCP Rule 62. As a component part of the greater post-judgment garnishment proceedings, the June 21, 2017 post-judgment order is clearly not the final post-judgment order that will finally determine, and, thus, end any of the pending post-judgment garnishment proceedings, leaving nothing further to be accomplished. Instead, the June 21, 2017 post-judgment order is merely an interlocutory order within the ongoing post-judgment garnishment proceedings that does not qualify as an appealable final post-judgment order under HRS § 641-1(a).

The circuit court's denial of Au's motion to disqualify Judge Nishimura is also not an immediately appealable order under

---

[1] "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis added).

3

the collateral order doctrine. <u>Peterson v. McKinley</u>, 45 Haw. 44, 47, 361 P.2d 60, 62 (1961) (citations omitted).

In the instant case, allowing an interlocutory appeal from any order denying a motion to disqualify the presiding judge would invite substantial disruption and delay by piecemeal appeals, the inconveniance of which would substantially outweigh any perceived benefit from an immediate interlocutory appeal. Appellant Au will have the opportunity to obtain appellate review of the June 21, 2017 order denying Appellant Au's June 2, 2017 motion to disqualify Judge Nishimura by way of an appeal from any future appealable final post-judgment order that finally determines, and thus ends, Appellee Bishop Estate's post-judgment garnishment proceedings. Absent an appealable final post-judgment order, we lack appellate jurisdiction, and Appellant Au's appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellant Au's appeal in appellate court case number CAAP-17-0000508 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000508 are dismissed as moot.

DATED: Honolulu, Hawai'i, October 5, 2017.

Chief Judge

Associate Judge

Associate Judge

4